*EXHIBIT A*

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

1.      Shaun W. Hodge
        shodge@hodgefirm.com
        THE HODGE LAW FIRM, PLLC
        Old Galveston Square Bldg.
        2211 Strand, Suite 302
        Galveston, Texas 77550
        Telephone: (409) 762-5000
        Facsimile: (409) 763-2300


*Attorneys for Plaintiff*

2.      Dale M. "Rett" Holidy
        rholidy@germer.com
        James A. Tatem
        jatatem@germer.com
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        Telephone: (713) 650-1313
        Facsimile: (713) 739-7420


*Attorneys for Defendant*


### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### JUAN CARDOZO VS. STATE FARM LLOYDS

        (a)     Plaintiff's Original Petition
        (b)     Domestic Return Receipt for State Farm Insurance Company
        (c)     Plaintiff's First Amended Petition
        (d)     Defendant State Farm Lloyds' Original Answer and Jury Demand
        (e)     Docket Sheet

9/26/2019 2:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37159411
By: Carolina Salgado
Filed: 9/26/2019 2:43 PM

*EXHIBIT A*

## 2019-70340 / Court: 190

### CAUSE NO. _____

| | | |
|---|---|---|
| **JUAN CARDOZO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |
| **Defendant.** | § | \_\_\_\_\_ **JUDICIAL DISTRICT** |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan Cardozo, (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Insurance Company ("SFIC" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and requests that the Court enter an appropriate scheduling order.

### PARTIES

2.     Plaintiff is an individual residing in Harris County, Texas.

3.     Defendant SFIC is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, Margie Southard 8900 Amberglen Blvd. Austin, TX 78729.

# *EXHIBIT A*

## JURISDICTION AND VENUE

4.　　The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000 but not over $500,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiff reserves the right to amend the petition during or after the discovery process.

5.　　The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.　　Venue is proper in Harris County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.　　Plaintiff is the owner of insurance policy 53-BU-M004-2 (hereinafter the "Policy"), which was issued by Defendant.

8.　　Plaintiff owns the insured property, which is specifically located at 14010 Hunters Cove Ct, Houston, Texas (hereinafter the "Property").

9.　　Defendant sold the Policy to Plaintiff, insuring the Property.

10.　　On or about August 25-29, 2017, a windstorm caused severe damage to the insured Property.

11.　　Plaintiff submitted a claim to Defendant against the Policy for damages that the Property sustained as a result of the windstorm. Upon information and belief, Defendant assigned a numbered claim. The claim number assigned was 531239X93.

# *EXHIBIT A*

12.     Plaintiff then asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.     Defendant conducted an on-site inspection on or about September 29, 2017, valuing the damages sustained to the Property at significantly less than Plaintiff's actual costs of repair or replacement and/or estimated costs of repair or replacement.

14.     To date, Defendant has remitted a total of $3,886.70 to the plaintiffs to compensate for their Hurricane Harvey Property damages and clean-up costs.

15.     From the onset of this claim, Defendant set about to deny and/or underpay on properly covered damages. Plaintiff's claim was improperly adjusted due to Defendant's unreasonable investigation of the claim, as well as under-scoping the damages during its investigation. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

16.     Despite Plaintiff's continued efforts to cooperate, Defendant continues to delay and/or deny payment for covered damages to the Property. To date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

## CAUSES OF ACTION

17.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

18.     The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

# *EXHIBIT A*

19.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

20.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

21.     The Defendant's breach proximately caused Plaintiff's injuries and damages.

22.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

23.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

24.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

25.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

26.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method

## *EXHIBIT A*

of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

27.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code §541.060(a)(4).

28.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code §541.060(a)(7).

29.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

30.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

31.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

# *EXHIBIT A*

32.    Defendant's failure to notify Plaintiff, in writing, of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

33.    Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

34.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.    The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

36.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

37.    Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

38.    Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

39.    Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

## *EXHIBIT A*

40. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

    a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

    b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

    e) Violated the provisions of the Texas Insurance Code described herein.

41. The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

### DAMAGES

42. Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct. Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-

## *EXHIBIT A*

judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

43.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

44.    The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

45.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

46.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times actual damages. TEX. INS. CODE §541.152.

47.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

# *EXHIBIT A*

49.    For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

50.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

51.    Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

52.    Plaintiff requests a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

53.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

# *EXHIBIT A*

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.


Respectfully Submitted,


By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS



**Marilyn Burgess**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651



*EXHIBIT 4*

7019 0140 0000 5914 5992



```
STATE FARM INSURANCE COMPANY
    C/O MARGIE SOUTHARD
    8900 AMBERGLEN BLVD
      AUSTIN TX 78729
```

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*EXHIBIT A*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *J. S.* □ Agent □ Addressee

B. Received by (Printed Name)  C. Date of Delivery

Jennifer Gonzalez OCT 02 2019

1. Article Addressed to:

STATE FARM INSURANCE COMPANY
C/O MARGIE SOUTHARD
8900 AMBERGLEN BLVD
AUSTIN TX 78729

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

2019-70340    190th

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4974 9063 5226 12

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☑ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ ‖‖‖‖‖‖ estricted Delivery

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 0140 0000 5914 5992

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Unofficial Copy Office Copy Johnathan Burgess



USPS TRACKING#

9590 9402 4974 9063 5226 12

**First-Class Mail**
**Postage & Fees Paid**
**USPS**
**Permit No. G-10**

**United States**
**Postal Service**

FILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 OCT 15 AM 11: 34

10-15-19

BY _____
MAIL PROCESSING ADMIN

*EXHIBIT A*

• Sender: Please print your name, address, and ZIP+4® in this box•

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

Marilyn Burgess - District Clerk Harris County
Envelope No. 38225026
By: Tammy Tolman
Filed: 11/5/2019 9:31 AM

## *EXHIBIT A*

### CAUSE NO. 2019-70340

| | | |
|---|---|---|
| **JUAN CARDOZO** | § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **HARRIS COUNTY, TEXAS** |
| **STATE FARM LLOYDS** | § § | |
| **Defendant.** | § § | **190th JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan Cardozo, (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's First Amended Petition*, complaining of State Farm Lloyds ("SFL" or "Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and requests that the Court enter an appropriate scheduling order.

### PARTIES

2.      Plaintiff is an individual residing in Harris County, Texas.

3.      Defendant SFL is an insurance company engaging in the business of insurance in the State of Texas. Counsel for this defendant has accepted service on its behalf at: Rett Holidy, Principal, Germer PLLC, America Tower, 2929 Allen Parkway, Suite 2900, Houston, Texas 77019, Ph: 713.830.1213, Fax: 713.739.7420, rholidy@germer.com.

# *EXHIBIT A*

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000 but not over $500,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiff reserves the right to amend the petition during or after the discovery process.

5.      The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

6.      Venue is proper in Harris County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.      Plaintiff is the owner of insurance policy 53-BU-M004-2 (hereinafter the "Policy"), which was issued by Defendant.

8.      Plaintiff owns the insured property, which is specifically located at 14010 Hunters Cove Ct, Houston, Texas (hereinafter the "Property").

9.      Defendant sold the Policy to Plaintiff, insuring the Property.

10.      On or about August 25-29, 2017, a windstorm caused severe damage to the insured Property.

11.      Plaintiff submitted a claim to Defendant against the Policy for damages that the Property sustained as a result of the windstorm. Upon information and belief, Defendant assigned a numbered claim.  The claim number assigned was 531239X93.

# *EXHIBIT A*

12.     Plaintiff then asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.     Defendant conducted an on-site inspection on or about September 29, 2017, valuing the damages sustained to the Property at significantly less than Plaintiff's actual costs of repair or replacement and/or estimated costs of repair or replacement.

14.     To date, Defendant has remitted a total of $3,886.70 to the plaintiffs to compensate for their Hurricane Harvey Property damages and clean-up costs.

15.     From the onset of this claim, Defendant set about to deny and/or underpay on properly covered damages. Plaintiff's claim was improperly adjusted due to Defendant's unreasonable investigation of the claim, as well as under-scoping the damages during its investigation. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

16.     Despite Plaintiff's continued efforts to cooperate, Defendant continues to delay and/or deny payment for covered damages to the Property. To date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

## CAUSES OF ACTION

17.     Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

18.     The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

## EXHIBIT A

19.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

20.    Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

21.    The Defendant's breach proximately caused Plaintiff's injuries and damages.

22.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

23.    Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

24.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

25.    Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(2)(A).

26.    Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method

## EXHIBIT A

of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

27.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(4).

28.     Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(7).

29.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

30.     The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

31.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

# *EXHIBIT A*

32.     Defendant's failure to notify Plaintiff, in writing, of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

33.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

34.     Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.     The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

36.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

37.     Defendant's conduct proximately caused Plaintiff's injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

38.     Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

39.     Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

# *EXHIBIT A*

40.     The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

a)     Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)     Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)     Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)     Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)     Violated the provisions of the Texas Insurance Code described herein.

41.     The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff's detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## DAMAGES

42.     Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-

## EXHIBIT A

judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

43.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

44.     The damages caused by the windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

45.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

46.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times actual damages.  TEX. INS. CODE §541.152.

47.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

48.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

# *EXHIBIT A*

49.    For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

50.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

51.    Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

52.    Plaintiff requests a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's First Amended Petition*.

## REQUEST FOR DISCLOSURE

53.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for the Plaintiff as follows:

1)  Judgment against Defendant for actual damages in an amount to be determined by the jury;

2)  Statutory benefits;

3)  Treble damages;

4)  Exemplary and punitive damages;

# *EXHIBIT A*

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing instrument was served on the following this 5th day of November, 2019, according to the Texas Rules of Civil Procedure:

Rett Holidy
Principal
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Ph: 713.830.1213
Fax: 713.739.7420
rholidy@germer.com

_____
Shaun W. Hodge

11/27/2019 8:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38839987
By: Iris Collins
Filed: 11/27/2019 8:42 AM

*EXHIBIT A*

**CAUSE NO. 2019-70340**

| | | |
|---|---|---|
| **JUAN CARDOZO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **190TH JUDICIAL DISTRICT** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

**I.**
**GENERAL DENIAL**

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Petition, and any amendments thereto, by a preponderance of the evidence.

**II.**

**DEFENSES**

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

## *EXHIBIT A*

3.     **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.     **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.     **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.     **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.     **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.     give immediate notice to us or our agent…

b.     protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\* \* \* \* \*

d.     as often as we reasonably require:

(1)     exhibit the damaged property;

(2)     provide us with records and documents we request and permit us to make copies

(3)     submit to and subscribe, while not in the presence of any other insured:

(a) statements; and

(b) examinations under oath….

# *EXHIBIT A*

7. **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

8. **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

## SECTION I – LOSSES NOT INSURED

1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

     \* \* \* \* \*

    g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

     \* \* \* \* \*

    i.  mold, fungus or wet or dry rot….

    l.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.  defect, weakness, inadequacy, fault or unsoundness in:

        (2) design, specifications, workmanship, construction, grading, compaction;

        (3) materials used in construction or repair; or

        (4) maintenance;

    c.  weather conditions.

# *EXHIBIT A*

9.      **Flood, Surface Water or Neglect.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

## SECTION I – LOSSES NOT INSURED

> 2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…
>
> \* \* \* \* \*
>
> c.    **Water Damage**, meaning:
>
> > (1)    Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;
> >
> > (2)    water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…
> >
> > (3)    water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or
> >
> > (4)    material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.
>
> \* \* \* \* \*

10.    **Personal Property.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

## COVERAGE B - PERSONAL PROPERTY

## EXHIBIT A

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

    d.    **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

**SECTION I - LOSSES NOT INSURED**

    2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

    **11.**    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

    **12.**    **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

    **13.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process

*EXHIBIT A*

rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

14.    **Written Notice of Claim.**  Defendant specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

15.    **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

## III.
## RIGHT TO AMEND

16.    State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

## EXHIBIT A

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

## *EXHIBIT A*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 27th day of November, 2019.

Shaun W. Hodge                                                    <u>VIA E-SERVICE</u>
THE HODGE LAW FIRM, PLLC
Old Galveston Square Bldg.
2211 Strand, Suite 302
Galveston, Texas 77550


**DALE M. "RETT" HOLIDY**

11/27/2019 8:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38839987
By: Iris Collins
Filed: 11/27/2019 8:42 AM

*EXHIBIT A*

**CAUSE NO. 2019-70340**

| | | |
|---|---|---|
| **JUAN CARDOZO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **190ᵀᴴ JUDICIAL DISTRICT** |

**DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

# *EXHIBIT A*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 27th day of November, 2019.

Shaun W. Hodge                                             **VIA E-SERVICE**
THE HODGE LAW FIRM, PLLC
Old Galveston Square Bldg.
2211 Strand, Suite 302
Galveston, Texas 77550


**DALE M. "RETT" HOLIDY**

**Envelope ID :38839987**

*EXHIBIT A*

**Case Number : 201970340**

## Case Type

| | |
|---|---|
| **Jurisdiction :** Harris County - 190th Civil District Court | **Case Category :** Civil - Contract |
| **Case Type :** Debt/Contract - Consumer/DTPA | **Filer Type :** Attorney |
| **Payment Account:** File & ServeXpress CC | **Attorney :** Rett Holidy |
| **Case Number:** 201970340 | |
| **Client Matter ID:** 99897 | **Date Filed :** 11/27/2019 08:42:12 AM |

## Parties    3

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Registered Agent | STATE FARM INSURANCE COMPANY BY SERVING ITS ATTORNEY FOR SERVICE N A | |
| ☑ | Defendant / Respondent | STATE FARM INSURANCE COMPANY NA | |
| | Plaintiff / Petitioner / Old Name | CARDOZO JUAN | |

## Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| Under-Review | Answer/ Response / Waiver (Lead Document) **Note to Clerk:** | Defendant State Farm Lloyds' Original Answer | CARDOZO - Answer for SFL.pdf | | | | Answer to Original Petition | Defendant State Farm Lloyds' Original Answer | $0.00 |
| Under-Review | No Fee Documents (Lead Document) **Note to Clerk:** | Demand for Jury Trial | CARDOZO - Jury Demand.pdf | | | Jury Fee(1 * $40.00) | Jury Charge | Demand for Jury Trial | $40.00 |

**Responsible for Filing Fees :** STATE FARM INSURANCE COMPANY NA

**Send Accepted Notifications To:**

## Service Contact 6

*EXHIBIT A*

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---------|------|---------------|--------|-------------|--------|-------------|
| No | Amber Zayas | azayas@germer.com | No | STATE FARM INSURANCE COMPANY NA | | Unopened |
| Yes | Becky Bethscheider | bbethscheider@hodgefirm.com | No | CARDOZO JUAN | Sent | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | No | STATE FARM INSURANCE COMPANY NA | Sent | Unopened |
| No | Dale Marett Holidy | rholidy@germer.com | Yes | | | Unopened |
| No | Jim Tatem | jtatem@germer.com | No | STATE FARM INSURANCE COMPANY NA | | Unopened |
| Yes | Shaun Hodge | shodge@hodgefirm.com | Yes | CARDOZO JUAN | Sent | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|-------------------------|--------|
| Case Initiation Fee($) | $0.00 |
| Filing Fee($) | $0.00 |
| Filing Fee($) | $0.00 |
| Optional Service Fee($) | $40.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $1.23 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $0.00 |
| **Total Fees($)** | **$43.65** |

**HCDistrictclerk.com**      CARDOZO, JUAN vs. STATE FARM INSURANCE                    12/5/2019
                             COMPANY          *EXHIBIT A*
                             Cause: 201970340        CDI: 7      Court: 190

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 88291446 | Defendant State Farm Lloyds' Original Answer | | 11/27/2019 | 8 |
| 88291447 | Demand for Jury Trial | | 11/27/2019 | 2 |
| 87934770 | Plaintiff's First Amended Petition | | 11/05/2019 | 10 |
| 87739130 | Domestic Return Receipt | | 10/15/2019 | 2 |
| 87403148 | Certified Mail Tracking #70190140000059145992 | | 09/30/2019 | 2 |
| 87482993 | Certified Mail Receipt | | 09/30/2019 | 1 |
| 87324607 | Plaintiff's Original Petition | | 09/26/2019 | 10 |
| -> 87324608 | Request for issuance of service | | 09/26/2019 | 1 |